UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASON D. FISHER

      Plaintiff,

-against-

FAITH MILLER SCHNEIDERMAN,

      Defendants.

---

21-CV-7784 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

  By order dated November 16, 2021, the Court dismissed this action for failure to state a conspiracy claim, with 30 days' leave to file an amended complaint. The Court also directed the Clerk of Court not to issue summonses. On December 13, 2021, Plaintiff filed a 150-page letter in response to the Court's November 16, 2021, order. The following day, he filed a notice of appeal. On October 5, 2022, the United States Court of Appeals for the Second Circuit issued its mandate dismissing the appeal because it lacked jurisdiction of the action, as Plaintiff had appealed a non-final order.

  The Court is now in receipt of a letter from Defendant Jennifer Lighter, Plaintiff's ex-wife, requesting that the action be placed under seal. She asserts that the allegations in the complaint are false and could damage her reputation. She also asserts that this action is a form of harassment and refers the Court to an order of protection she filed in the Westchester County Supreme Court.

  In response to Lighter's letter, the Court directed the Clerk of Court to restrict electronic access to this action to the parties to the lawsuit. As discussed below the Court: (1) denies Lighter's request to place this action under seal; (2) construes this request as also seeking to

strike scandalous matter under Rule 12(f) of the Federal Rules of Civil Procedure; and (3) grants that request by limiting electronic access to this action to the parties of the action.

## DISCUSSION

### A.     Motion to Seal

The common law right of public access to judicial documents "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch v. Pyramid Cnty. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation and citation omitted). Public monitoring "is not possible without access to testimony and documents that are used in the performance of" the judicial function of the federal courts. *Id.*; *United States v. Erie Cnty*, 763 F.3d 235, 238-39 (2d Cir. 2014) ("The notion that the public should have access to the proceedings and documents of courts is integral to our system of government.").

The Second Circuit has set forth a three-part analysis for determining whether a document relating to a lawsuit should be made available to the public. Lugosch, 435 F.3d at 119-120. First, the Court must determine whether the document is indeed a "judicial document" to which the public has a presumptive right of access. *Id.* at 119. Merely filing a document "is insufficient to render that paper a judicial document subject to the right of public access." *Id.* Instead, to qualify as such, the document must be "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted).

Second, "[o]nce the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Id.* The weight to be given the presumption of access depends on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. *Id.* (citing *United States v. Amodeo*, 71 F.3d

2

1044, 1049 (2d Cir. 1995)). "Generally, the [material] will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.*

Third, "the [C]ourt must balance competing considerations against [the presumption of access]." *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* (citation omitted). When weighing privacy interests, courts should consider "the degree to which the subject matter is traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051.

The presumption of public access to judicial documents weighs in favor of keeping Plaintiff's pleadings available for public view. Plaintiff's complaint and other pleadings are judicial documents that directly affect the adjudication of this action. *See, e.g., Mann v. New York State Ct. of Appeals*, No. 1:21-CV-0049, 2021 WL 1224011, at *4 (N.D.N.Y. Mar. 31, 2021) ("The complaint in this case is without question a 'judicial document' that enjoys a presumption of public access.").

With respect to the third factor, whether Lighter's privacy interest should outweigh the public's interest in viewing these documents, the Court cannot verify whether Plaintiff's allegations are in fact false, and therefore, the Court cannot determine whether Lighter's privacy interests have any weight. Rather, having found that Plaintiff failed to state a claim of conspiracy, the Court dismissed this action without further consideration of the veracity of the allegations claimed by Plaintiff. The Court therefore finds that Lighter does not meet the standard required to place this action under seal.

3

**B.     Motion to Strike**

As noted above, the Court construes Plaintiff's request as a motion to strike scandalous matter under Fed. R. Civ. P. 12(f) and concludes that, while sealing the entire complaint is inappropriate and redaction of the voluminous filings impractical, the Court will grant the motion to strike to the extent that it will limit remote electronic access to this closed case to the parties. Thus, the documents filed in this action will be accessible only to those who personally visit the court to review it.[1]

## CONCLUSION

The Court denies Defendant Lighter's request to place this action under seal.

The Court construes Plaintiff's request to include a motion to strike under Fed. R. Civ. P. 12(f) and grants that request. Electronic access to this action shall remain limited to the parties to the action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[1] The court has no control over third-party databases, and thus this restriction only affects persons seeking to review documents electronically and does not cover any third-party database that previously accessed this action and published it electronically.

The Court directs the Clerk of Court to mail a copy of Lighter's letter to Plaintiff.

SO ORDERED.

Dated:   November 10, 2022
        New York, New York

                                          /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                Chief United States District Judge